**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILMER SAUL GONZALES CANELAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-03858** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

### ORDER

Before the Court is Petitioner Wilmer Saul Gonzales Canelas' Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Petitioner Wilmer Saul Gonzales Canelas is a citizen of Honduras who entered the United States without inspection in 2003. ECF No. 1 at ¶ 13. On October 10, 2014, Petitioner was encountered by Immigration and Customs Enforcement (ICE) and taken into immigration custody. ECF No. 5 at 2. He was issued a Notice to Appear ("NTA"), and charged removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. ECF No. 5, Ex. 1 (NTA). On November 17, 2024, an immigration judge ("IJ") ordered Petitioner released on

1 / 4

$9,000 bond pursuant to 8 U.S.C. § 1226(a). ECF No. 5, Ex. 2 (bond order). ICE released Petitioner from custody on December 10, 2014.

Petitioner has established significant ties to the United States since his initial entry in 2003. He is a father of six children, five of whom are United States citizens, and has been married to his U.S. citizen wife for the past six years. ECF No. 1 at ¶ 51. He has no criminal convictions. *Id.*

On November 8, 2021, an IJ ordered Petitioner removed from the United States to Honduras. ECF No. 1, Ex. 3. Petitioner appealed, and on May 10, 2022, the Board of Immigration Appeals issued a briefing schedule. ECF No. 1, Ex. 8. Petitioner's appeal remains pending, meaning that his removal order is not administratively final at this time.

On April 28, 2026, ICE re-detained Petitioner during a traffic stop in Houston, Texas. He has been in custody since that date at the Montgomery Processing Center without an individualized bond hearing. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## I.    ANALYSIS

Petitioner asserts, among other claims, that his detention violates his Fifth Amendment right to due process of law. Because the Court agrees that ICE's re-detention of Petitioner violated his procedural due process rights, it declines to address his additional arguments.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the

2 / 4

noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at \*3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at \*3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at \* 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here, where Petitioner was previously released on bond by an IJ.

As to Respondents' additional arguments, the Court has already rejected them. See *Betancourth*, 2026 WL 638482, at \*2 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at \* 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at \*2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation); *id*. at \*3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify Petitioner's counsel of the time and place of release **no less than three hours** prior to his release from custody.

3.  Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before May 26, 2026</u>**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on May 20, 2026.

Keith P. Ellison
United States District Judge